16-2828-ag
Lall v. Sessions

BIA
Segal, IJ
A099 593 412

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
> JOHN F. KEENAN,*
> > *District Judge.*

_____

ROKMANIE LALL,
> *Petitioner,*

v.                                                          16-2828

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER:**    Joshua Bardavid, New York, NY.

**FOR RESPONDENT:**    Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Jonathan Robbins, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rokmanie Lall, a native and citizen of Guyana, seeks review of an August 1, 2016, decision of the BIA affirming the August 27, 2015, decision of an Immigration Judge ("IJ") denying Lall's applications for adjustment of status and waiver of inadmissibility and ordering her removed. In re Rokmanie Lall, No. A099 593 412 (B.I.A. Aug. 1, 2016), aff'g No. A099 593 412 (Immig. Ct. N.Y.C. Aug. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case, to which we refer only as necessary to explain our decision to deny the petition.

We review the IJ's decision as supplemented by the BIA. See Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

The only issue before us is Lall's claim that the IJ violated her Fifth Amendment

2

due process rights by prejudging her credibility related to her application to adjust her status to lawful permanent resident ("LPR"). We review constitutional claims de novo. See Luna v. Holder, 637 F.3d 85, 102 (2d Cir. 2011).

Aliens are entitled to due process, meaning that they must be given the "opportunity to be heard at a meaningful time and in a meaningful manner." Burger v. Gonzales, 498 F.3d 131, 134 (2d Cir. 2007) (quotation marks omitted). "To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." Id. (quotation marks omitted). Although rare, remand may be required when an IJ demonstrates such bias and hostility toward an applicant that we "cannot conduct a meaningful review of the decision below." Islam v. Gonzales, 469 F.3d 53, 55 (2d Cir. 2006); see Guo-Le Huang v. Gonzales, 453 F.3d 142, 148 (2d Cir. 2006). Remand is not warranted here because the IJ provided Lall a full and fair opportunity to present her claim without exhibiting bias or prejudging her credibility.

Adjustment of status under 8 U.S.C. § 1255(a) generally requires the alien to have been "inspected and admitted" into the United States, and adjustment of status under subsection (i) for aliens not admitted requires physical presence in the United States on December 21, 2000. Accordingly, at issue before the IJ was whether Lall had been admitted to the United States after inspection or, if not, had been present in the United

3

States in November 2000. When the IJ learned that Lall's testimony would be the only evidence of her alleged admission in November 2000, the IJ warned Lall's counsel that it was "going to be a really tough uphill battle," noting the absence of evidence that Lall had been admitted at an airport. The IJ did not demonstrate that she was prejudging Lall's credibility by warning counsel that Lall's testimony might be insufficient, particularly given Lall's admission that she had previously committed fraud to procure an immigration benefit. See Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on falsus in uno to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's own credibility.").

Furthermore, by advising Lall's attorney that corroboration might be necessary, the IJ appears to have been assisting Lall and fulfilling her "obligation to help develop the record." Zhi Wei Pang v. BCIS, 448 F.3d 102, 111 (2d Cir. 2006). Indeed, after this warning, the IJ explored potential avenues of relief, indicated that she was inclined to waive Lall's initial frauds, provided Lall two opportunities to testify, permitted Lall's husband to testify, and asked if Lall wanted her mother-in-law to testify. On this record, Lall cannot establish that the IJ prejudged her credibility or denied her a full and fair opportunity to present her claims. Accordingly, her due process claim fails. See Burger, 498 F.3d at 134.

4

We have considered Lall's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk